UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                        **MEMORANDUM OF LAW & ORDER**
                          Criminal File No. 10-232 (MJD/JSM)

(2) MARK JEROME TERRY,

      Defendant.

Robert M. Lewis, Assistant United States Attorney, Counsel for Plaintiff.

Mark Jerome Terry, pro se.

    This matter is before the Court on Defendant Mark Jerome Terry's pro se Motion to Modify a Sentence. [Docket No. 97]

    On October 8, 2010, Defendant Mark Jerome Terry pled guilty to Count 1 of the 2-count Indictment: Count 1: Conspiracy to Transport Stolen Property, in violation of 18 U.S.C. § 371. On February 28, 2011, the Court sentenced Terry to 24 months in custody and 3 years supervised release. Terry now seeks to have the Court modify his Judgment and Commitment Order to define Defendant's

custodial sentence to include detention at a halfway house, to begin on January 20, 2012, based on the Second Chance Act.

A Court may not modify a term of imprisonment once it has been imposed unless one of the sets of requirements found in 18 U.S.C. § 3582(c) has been met. The requirements have not been met in this case. Therefore, the Court does not have the power to amend Terry's Judgment and Commitment based on Terry's motion.

Additionally, the Second Chance Act provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). In response to the Second Chance Act, the Bureau of Prisons has instituted a policy that inmates are reviewed for Residential Reentry Center placement 17 to 19 months before their projected release dates. Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008). The Second Chance Act applies to the Bureau of Prisons whether or not the Court mentions the Act in its judgment;

the Court did not err in failing to mention the Second Chance Act in its sentencing judgment.

At this point in time, there is no indication that the Bureau of Prisons will not follow the Second Chance Act as it does or does not apply to Terry when the time comes for that determination.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Mark Jerome Terry's pro se Motion to Modify a Sentence [Docket No. 97] is **DENIED**.

Dated:   October 4, 2011                    s/ Michael J. Davis
                                            Michael J. Davis
                                            Chief Judge
                                            United States District Court